1   HANSON BRIDGETT LLP
    ROBERT A. MCFARLANE, SBN 172650
2   rmcfarlane@hansonbridgett.com
    ROSANNA W. GAN, SBN 325145
3   rgan@hansonbridgett.com
    425 Market Street, 26th Floor
4   San Francisco, CA 94105
    Telephone:  (415) 777-3200
5   Facsimile:  (415) 541-9366

6   HANSON BRIDGETT LLP
    ROSSLYN HUMMER, SBN 190615
7   bhummer@hansonbridgett.com
    777 S. Figueroa Street, Suite 4200
8   Los Angeles, CA 90017
    Telephone:  (213) 395-7620
9   Facsimile:  (213) 395-7615

10  *Attorneys for Plaintiff*
    BRUCE CLAY, INC.

11

12

13              **UNITED STATES DISTRICT COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15

16  BRUCE CLAY, INC.,                  Case No. 2:23-cv-6591-JAK-E

17              Plaintiff,             **STIPULATED PROTECTIVE
                                       ORDER**
18        v.
                                       PLEASE NOTE CHANGES MADE BY THE COURT
19  SURFER SPÓŁKA Z
    OGRANICZONA
20  ODPOWIEDZIALNOŚCIĄ,

21              Defendant.

22

23        1.    **PURPOSE AND LIMITS OF THIS ORDER**[1]

24        Discovery in this action is likely to involve confidential, proprietary or private

25  _____

26  [1] This Stipulated Protective Order is largely the same as the Model Protective Order
    for Patent Cases Assigned to Judge John A. Kronstadt (*see* ECF 11, Exhibit E), with
27  the only material difference being the addition of a proposed prosecution bar as
    section 10.
28

1  information requiring special protection from public disclosure and from use for any
2  purpose other than this litigation. Thus, the Court enters this Protective Order. This
3  Order does not confer blanket protections on all disclosures or responses to
4  discovery, and the protection it gives from public disclosure and use extends only to
5  the specific material entitled to confidential treatment under the applicable legal
6  principles. This Order does not automatically authorize the filing under seal of
7  material designated under this Order. Instead, the parties must comply with Local
8  Rule 7-5.1 and this Order if they seek to file anything under seal. This Order does
9  not govern the use at trial of material designated under this Order.

10     **2.     DESIGNATING PROTECTED MATERIAL**

11     **2.1    Over Designation Prohibited**.  Any party or nonparty who designates
12  information or items for protection under this Order as "CONFIDENTIAL,"
13  "HIGHLY CONFIDENTIAL ATTORNEY EYES ONLY," or "HIGHLY
14  CONFIDENTIAL - SOURCE CODE" (a "designator") must only designate specific
15  material that qualifies under the appropriate standards. To the extent practicable,
16  only those parts of documents, items or oral or written communications that require
17  protection shall be designated. Designations with a higher confidentiality level when
18  a lower level would suffice are prohibited. Mass, indiscriminate, or routinized
19  designations are prohibited. Unjustified designations expose the designator to
20  sanctions, including the Court's striking all confidentiality designations made by
21  that designator. Designation under this Order is allowed only if the designation is
22  necessary to protect material that, if disclosed to persons not authorized to view it,
23  would cause competitive or other recognized harm. Material may not be designated
24  if it has been made public, or if designation is otherwise unnecessary to protect a
25  secrecy interest. If a designator learns that information or items that it designated for
26  protection do not qualify for protection at all or do not qualify for the level of
27  protection initially asserted, that designator must promptly notify all parties that it is
28  withdrawing the mistaken designation.

1    **2.2    Manner and Timing of Designations**.  Designation under this Order

2  requires the designator to affix the applicable legend ("CONFIDENTIAL,"

3  "HIGHLY CONFIDENTIAL ATTORNEY EYES ONLY," or "HIGHLY

4  CONFIDENTIAL - SOURCE CODE") to each page that contains protected

5  material. For testimony given in deposition or other proceeding, the designator shall

6  specify all protected testimony and the level of protection being asserted. It may

7  make that designation during the deposition or proceeding, or may invoke, on the

8  record or by written notice to all parties on or before the next business day, a right to

9  have up to 21 days from the deposition or proceeding to make its designation.

10    **2.2.1**  A party or nonparty that makes original documents or materials

11  available for inspection need not designate them for protection until after the

12  inspecting party has identified which material it would like copied and produced.

13  During the inspection and before the designation, all material shall be treated as

14  HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY. After the inspecting

15  party has identified the documents it wants copied and produced, the producing

16  party must designate the documents, or portions thereof, that qualify for protection

17  under this Order.

18    **2.2.2**  Parties shall give advance notice if they expect a deposition or other

19  proceeding to include designated material so that the other parties can ensure that

20  only authorized individuals are present at those proceedings when such material is

21  disclosed or used. The use of a document as an exhibit at a deposition shall not in

22  any way affect its designation. Transcripts containing designated material shall have

23  a legend on the title page noting the presence of designated material, and the title

24  page shall be followed by a list of all pages (including line numbers as appropriate)

25  that have been designated, and the level of protection being asserted. The designator

26  shall inform the court reporter of these requirements. Any transcript that is prepared

27  before the expiration of the 21-day period for designation shall be treated during

28  that period as if it had been designated HIGHLY CONFIDENTIAL - ATTORNEY

EYES ONLY unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

**2.3    Inadvertent Failures to Designate**.  An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

**3.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

All challenges to confidentiality designations shall proceed under Local Rule 37-1 through Local Rule 37-4.

**4.    ACCESS TO DESIGNATED MATERIAL**

**4.1    Basic Principles**.  A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

**4.2    Disclosure of CONFIDENTIAL Material Without Further Approval**.  Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

**4.2.1**  The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

**4.2.2**  The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit E-1);

**4.2.3**  Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit E-1);

**4.2.4**  The Court and its personnel;

**4.2.5**  Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary,

1   and who have signed the Agreement to Be Bound (Exhibit E-1);

2       **4.2.6**  During their depositions, witnesses in the action to whom disclosure is

3   reasonably necessary and who have signed the Agreement to Be Bound (Exhibit E-

4   1); and

5       **4.2.7**  The author or recipient of a document containing the material, or a

6   custodian or other person who otherwise possessed or knew the information.

7       **4.3**    **Disclosure of HIGHLY CONFIDENTIAL - ATTORNEY EYES**

8   **ONLY and HIGHLY CONFIDENTIAL - SOURCE CODE Material Without**

9   **Further Approval**.  Unless permitted in writing by the designator, a receiving party

10   may disclose material designated HIGHLY CONFIDENTIAL - ATTORNEY EYES

11   ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE without further approval

12   only to:

13       **4.3.1**  The receiving party's outside counsel of record in this action and

14   employees of outside counsel of record to whom it is reasonably necessary to

15   disclose the information;

16       **4.3.2**  The Court and its personnel;

17       **4.3.3**  Outside court reporters and their staff, professional jury or trial

18   consultants, and professional vendors to whom disclosure is reasonably necessary,

19   and who have signed the Agreement to Be Bound (Exhibit E-1); and

20       **4.3.4**  The author or recipient of a document containing the material, or a

21   custodian or other person who otherwise possessed or knew the information.

22       **4.4**    **Procedures for Approving or Objecting to Disclosure of HIGHLY**

23   **CONFIDENTIAL - ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL**

24   **- SOURCE CODE Material to In-House Counsel or Experts**. Unless agreed to in

25   writing by the designator:

26       **4.4.1**  A party seeking to disclose to in−house counsel any material

27   designated HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY must first

28   make a written request to the designator providing the full name of the in-house

counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision making. In-house counsel are not authorized to receive material designated HIGHLY CONFIDENTIAL - SOURCE CODE.

**4.4.2**  A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE must first make a written request to the designator that (1) identifies the general categories of HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report or testimony at deposition or trial, in the past five years. If the expert believes any of this information at (4) - (6) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the designator regarding any such confidentiality obligations.

**4.4.3**  A party that makes a request and provides the information specified in paragraphs 4.4.1 or 4.4.2 may disclose the designated material to the identified in-house counsel or expert unless, within seven days of delivering the request, the party

1  receives a written objection from the designator providing detailed grounds for the
2  objection.

3      **4.4.4** All challenges to objections from the designator shall proceed under
4  Local Rule 37-1 through Local Rule 37-4.

5      **5.   SOURCE CODE**

6      **5.1** Designation of Source Code. If production of source code is necessary,
7  a party may designate it as HIGHLY CONFIDENTIAL - SOURCE CODE if it is,
8  or includes, confidential, proprietary, or trade secret source code.

9      **5.2** Location and Supervision of Inspection. Any HIGHLY
10 CONFIDENTIAL - SOURCE CODE produced in discovery shall be made available
11 for inspection, in a format allowing it to be reasonably reviewed and searched,
12 during normal business hours or at other mutually agreeable times, at an office of
13 the designating party's counsel or another mutually agreeable location. The source
14 code shall be made available for inspection on a secured computer in a secured
15 room, and the inspecting party shall not copy, remove or otherwise transfer any
16 portion of the source code onto any recordable media or recordable device. The
17 designator may visually monitor the activities of the inspecting party's
18 representatives during any source code review, but only to ensure that there is no
19 unauthorized recording, copying or transmission of the source code.

20     **5.3   Paper Copies of Source Code Excerpts**. The inspecting party may
21 request paper copies of limited portions of source code that are reasonably necessary
22 for the preparation of court filings, pleadings, expert reports, other papers or for
23 deposition or trial. The designator shall provide all such source code in paper form,
24 including Bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE
25 CODE."

26     **5.4   Access Record**. The inspecting party shall maintain a record of any
27 individual who has inspected any portion of the source code in electronic or paper
28 form, and shall maintain all paper copies of any printed portions of the source code

in a secured, locked area. The inspecting party shall not convert any of the information contained in the paper copies into any electronic format other than for the preparation of a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document. Any paper copies used during a deposition shall be retrieved at the end of each day and must not be left with a court reporter or any other unauthorized individual.

## 6.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

**6.1**   Subpoenas and Court Orders. This Order in no way excuses non-compliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**6.2**   **Notification Requirement**. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items received by that party in this action and designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE, that party must do the following.

**6.2.1**   Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order.

**6.2.2**   Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order.

**6.2.3**   Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**6.3**   **Wait For Resolution of Protective Order**. If the designator promptly seeks a protective order, the party served with the subpoena or court order shall not

1   produce any information designated in this action as CONFIDENTIAL, HIGHLY

2   CONFIDENTIAL - ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL –

3   SOURCE CODE before a determination by the court where the subpoena or order

4   issued, unless the party has obtained the designator's permission. The designator

5   shall bear the burden and expense of seeking protection of its confidential material

6   in that court.

7   **7.   UNAUTHORIZED DISCLOSURE OF DESIGNATED**

8   **MATERIAL**

9       If a receiving party learns that, by inadvertence or otherwise, it has disclosed

10   designated material to any person or in any circumstance not authorized under this

11   Order, it must immediately (1) notify in writing the designator of the unauthorized

12   disclosures, (2) use its best efforts to retrieve all unauthorized copies of the

13   designated material, (3) inform the person or persons to whom unauthorized

14   disclosures were made of all the terms of this Order, and (4) use reasonable efforts

15   to have such person or persons execute the Agreement to Be Bound (Exhibit E-1).

16   **8.   INADVERTENT PRODUCTION OF PRIVILEGED OR**

17   **OTHERWISE PROTECTED MATERIAL**

18       When a producing party gives notice that certain inadvertently produced

19   material is subject to a claim of privilege or other protection, the obligations of the

20   receiving parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). This provision is

21   not intended to modify whatever procedure may be established in an e-discovery

22   order that provides for production without prior privilege review pursuant to Fed. R.

23   Evid. 502(d) and (e).

24   **9.   FILING UNDER SEAL**

25       Without written permission from the designator or a Court order, a party may

26   not file in the public record in this action any designated material. A party seeking to

27   file under seal any designated material must comply with Local Rule 79-5. Filings

28   may be made under seal only pursuant to a court order authorizing the sealing of the

specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. Accordingly, counsel are ordered to meet and confer in person or by telephone at least seven (7) calendar days prior to the filing of an application wherein the basis for the sealing is that it has been deemed confidential by the other party. Not later than two (2) calendar days after the meet and confer process, the opposing party shall confirm whether such information shall be designated as confidential or whether it can be made available to the public. Such an application shall contain the dates and method by which the parties met and conferred otherwise it will be denied without prejudice to an amended application being filed after counsel have completed this process. If a ***receiving party's*** request to file designated material under seal pursuant to Local Rule 79-5.1 is denied by the Court, then the receiving party ***may file the material in the public record*** unless (1) ***the designator*** seeks reconsideration within four (4) days of the denial, or (2) as otherwise instructed by the Court. *See supra* 11., p. 18.

### 10.   **PROSECUTION BAR**

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" technical or source code information pursuant to this order shall not be involved in the prosecution of patents or patent applications relating to search engine parameter optimization systems and methods, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph,

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3  DATED:  March 15, 2024                    HANSON BRIDGETT LLP

4

5

6                                        By:_____/s/ Robert A. McFarlane_____
                                         ROBERT A. McFARLANE
7                                        ROSSLYN HUMMER
                                         ROSANNA W. GAN
8                                        Attorneys for Plaintiff
9                                        BRUCE CLAY, INC.

10

11

12  DATED:  March 15, 2024                    PILLSBURY WINTHROP SHAW
                                         PITTMAN LLP
13

14

15                                       By:_____/s/ Audrey Lo_____
16                                       MICHAEL E. ZELIGER
                                         AUDREY LO
17                                       Attorneys for Defendant
18                                       Surfer spółka z ograniczoną
                                         odpowiedzialnością
19

20

21

22

23

24

25

26

27

28

1

**<u>ATTESTATION</u>**

2          Pursuant to Local Rule 5-4.3.4(a), I hereby attest that the other signatory

3  listed, on whose behalf this filing is submitted, concurs in the filing's content and

4  has authorized the filing.

5

6  DATED:  March 15, 2024                    HANSON BRIDGETT LLP

7

8

9                                          By:      */s/ Robert A. McFarlane*
                                                   ROBERT A. McFARLANE
10                                                 Attorney for Plaintiff
                                                   BRUCE CLAY, INC.
11

12

13

IT IS SO ORDERED, *as modified following the March 22,*
14  *2024 conference with the parties.*

15
Dated:  *3/22/24*
16

17                                         Charles F. Eick
                                          UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28

1

<u>EXHIBIT E-1</u>

2

<u>AGREEMENT TO BE BOUND</u>

3

4
   I, _____ [print or type full name], of

5
_____ [print or type full address], declare under penalty of perjury that I

6
have read in its entirety and understand the Protective Order that was issued by the

7
United States District Court for the Central District of California on _____ [date]

8
in the case of _____ [insert formal name of the case and the number and

9
initials assigned to it by the court]. I agree to comply with and to be bound by all the

10
terms of this Protective Order, and I understand and acknowledge that failure to so

11
comply could expose me to sanctions and punishment for contempt. I solemnly

12
promise that I will not disclose in any manner any information or item that is subject

13
to this Protective Order to any person or entity except in strict compliance with this

14
Order.

15
   I further agree to submit to the jurisdiction of the United States District Court

16
for the Central District of California for the purpose of enforcing this Order, even if

17
such enforcement proceedings occur after termination of this action.

18
   I hereby appoint _____ [print or type full name] of

19
_____ [print or type full address and

20
telephone number] as my California agent for service of process in connection with

21
this action or any proceedings related to enforcement of this Order.

22

23
Date: _____

24
City and State where sworn and signed: _____

25
Printed name: _____

26
[printed name]

27
Signature: _____

28
[signature]